*Xivir-Ixtos v. Blanche*

BIA
Reid, IJ
A220 306 831/919/920

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

INGRID AZUCENA XIVIR-IXTOS, J.S.-X., K.A.S.-X.,
> *Petitioners,*

v.                                                   **23-7396**
                                                     **NAC**

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent.*[*]

_____

FOR PETITIONERS:          Paul B. Grotas, The Grotas Firm, P.C., New York, NY.

FOR RESPONDENT:         Brian M. Boynton, Principal Deputy Assistant Attorney General; Jonathan A. Robbins, Assistant Director; Kaci Waguespack, Law Clerk; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ingrid Azucena Xivir-Ixtos and her two minor children, natives and citizens of Guatemala, seek review of a September 18, 2023 decision of the BIA, affirming an August 10, 2022 decision of an Immigration Judge ("IJ"), which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Xivir-Ixtos, et al.*, Nos. A 220 306

---

[*] The Clerk of Court is directed to amend the caption as set forth above.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

[1] We principally refer to Xivir-Ixtos because her children's applications relied on the same facts.

831/919/920 (B.I.A. Sept. 18, 2023), *aff'g* Nos. A 220 306 831/919/920 (Immig. Ct. N.Y.C. Aug. 10, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA—that is, we review the IJ's nexus finding for the asylum and withholding of removal claims premised on membership in a particular social group, with the BIA's additional discussion of that issue, and the BIA's waiver findings for the political opinion and CAT claims. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum and withholding of removal, an applicant has the burden to establish that a protected ground—here, membership in a particular social group of her family or her husband's family—"was or will be at

least one central reason for persecuting the applicant." [2]    8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (applying asylum's "one central reason" standard to withholding of removal).    "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also Melgar de Torres v. Reno*, 191 F. 3d 307, 313–14 (2d Cir. 1999) (holding that general crime and violence in a country is not a ground for asylum or withholding of removal).    "In cases where there is more than one motive for mistreatment (also known as mixed-motive cases) . . . an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53

---

[2] Xivir-Ixtos also asserted a fear of political persecution before the IJ.  Both that claim and her CAT claims are unexhausted and abandoned.  *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks and citation omitted)).  To the extent Xivir-Ixtos argues that the agency failed to address the cognizability of her proposed particular social groups, her argument is misplaced because the agency assumed that her proposed particular social groups were cognizable.

F.4th 752, 757 (2d Cir. 2022). "A protected ground cannot be incidental or tangential to another reason for harm." *Quituizaca*, 52 F.4th at 114–15 (internal quotation marks and citation omitted).

Here, substantial evidence supports the agency's conclusion that Xivir-Ixtos failed to establish a nexus. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006) (reviewing nexus determination for substantial evidence). The agency reasonably concluded that ordinary criminal motives, and not group membership, was the reason for Xivir-Ixtos's feared harm by a person who called her three times claiming that he was holding her husband (who was then in the United States) and threatening to kill her and her children if she did not pay. She told a psychologist that extortion calls were typical gang behavior, and, as the IJ noted, the caller did not appear to know who or where her husband was, suggesting that the gang was seeking money, rather than acting on animus towards her particular family. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact.") (quotation marks and citation omitted).

Harm stemming from such ordinary criminal motives is not persecution on account of a protected ground. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) ("[H]arm motivated purely by wealth is not persecution."); *see also*

5

*Quituizaca*, 52 F.4th at 114–15 (record did not compel the conclusion that a protected ground was "one central reason" for gang abuse when circumstances suggested that the gang was motivated by ordinary criminal incentives). "[B]ecause membership in the family cannot be a minor, incidental, or tangential reason for the harm, the fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground." *Garcia-Aranda*, 53 F.4th at 757 (internal quotation marks and citation omitted). There are no facts in the record to establish that the caller was motivated by animus towards Xivir-Ixtos's family. While she also testified that a man chased her and her children through a field with a machete after her bus broke down, there was no evidence to establish that the man knew who she and her children were or that he was connected to the extortion demands. Thus, the record does not compel a conclusion contrary to the agency's. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021) ("Under [the substantial evidence] standard, we must uphold agency factfinding unless any reasonable adjudicator would be *compelled* to conclude to the contrary." (internal quotation marks and citation omitted) (emphasis in original)); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, [her] failure to adduce evidence can itself constitute the

6

substantial evidence necessary to support the agency's challenged decision."

(internal quotation marks and citation omitted)).

We have considered Xivir-Ixtos's remaining arguments and find no merit.

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court